■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELINIZA LUNA, Appellant. [57 NYS3d 148]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered June 1, 2016, convicting defendant, upon her plea of guilty, of criminal possession of marijuana in the first degree, and sentencing her to a term of three years' probation, unanimously affirmed.

The court properly denied defendant's suppression motion. The suppression issue in this case turns on the credibility of an officer's testimony that he smelled a strong odor of marijuana as he approached the car he had stopped, notwithstanding that the 10 pounds of marijuana he recovered was vacuum sealed in plastic bags and thus, according to defendant, could not have given off any detectable odor. There is no basis for disturbing the court's credibility determination in this regard (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). We note that no evidence was introduced at the hearing to support defendant's assertion that it is impossible to detect odors given off by the contents of vacuum sealed bags.

The record also fails to support defendant's contention that the hearing court, which detected a pungent odor of marijuana from the exhibit produced in court, was misled by the prosecutor's statement that the marijuana was packaged in the same way at the time of the hearing as it had been at the time of the arrest. That statement was inaccurate, because in fact some or all of the marijuana had been removed from its vacuum sealed packages during testing by the police lab and then repackaged through a different process. Nevertheless, the hearing testimony made it clear to the court that the marijuana had been repackaged by the lab. Further, the court twice specifically stated that it had not been misled, rejecting the notion that it had adopted the premise that the packaging of the drugs was unchanged between the arrest and the hearing.

Finally, we find that the court providently exercised its discretion in denying defendant's belated request to conduct her own courtroom experiment on the effects of vacuum sealing. Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.